# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | No. 3:15-CR-67 |
| | ) | REEVES |
| PAUL DAVID KELLOGG | ) | |

## MEMORANDUM AND ORDER

Before the Court is Paul David Kellogg's *pro se* motion for early termination of supervised release [D. 26]. The Court celebrates and commends Mr. Kellogg's hard work while on supervised release. However, as follows, Mr. Kellogg's request for early termination will be denied.

I. **Background**

On October 14, 2015, this Court sentenced Mr. Kellogg to 46 months of imprisonment, followed by 3 years of supervised release, for being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). [D. 22]. Mr. Kellogg began his term of supervised release on August 24, 2018 and has completed 1 year and 9 months of his supervised release term.

On June 5, 2020, Mr. Kellogg filed the motion before the Court requesting early termination of his supervised release. In support of his motion, Mr. Kellogg states that he has completed 500 hours of the Residential Drug Abuse Program with the Bureau of Prisons and served as a mentor for 10 months. During his time on supervised release, he has tested negative for illegal substances, has established a stable residence, has acquired a job, and has had no contact with law enforcement. Mr. Kellogg plans to continue to make progress in life.

Mr. Kellogg's probation officer has confirmed that he has maintained a stable residence, provided negative drug screens, and complied with the instructions given to him. However, Mr. Kellogg has not yet established stable employment and does have a history of violence.

1

The government opposes to the motion. Though Mr. Kellogg has complied with the conditions of his release, the government notes that he has a history of violence, including a 2008 robbery conviction.

II. **Standard**

A court may terminate a term of supervised release at any time after the expiration of one year of supervision if, after considering the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

III. **Analysis**

Here, despite Mr. Kellogg's progress, early termination of supervised release is not appropriate at this time under 18 U.S.C. § 3583(e). Mr. Kellogg's criminal history includes several serious offenses, including at least one violent crime. Due to the nature and circumstances of Mr. Kellogg's offense and his history and characteristics, the Court finds that, for the time being, the supervised release term that was imposed at sentencing is still proper. *See generally* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(6). Consequently, Mr. Kellogg's motion [D. 26] is **DENIED**. However, the Court commends Mr. Kellogg for his hard work and reminds him that he may re-apply at a later date if he continues to make positive progress.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**